UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Melo OSORIO, also known
as Jose Garcia–Santiago,
Defendant–Appellant.

No. 03–40836.

Conference Calendar

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 21, 2004.

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Juan Melo Osorio appeals his conviction and sentence for illegal reentry. He argues that the district court plainly erred by characterizing his state felony conviction for simple possession of cocaine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor under federal law. This issue, however, is foreclosed by *United States v. Hinojosa–Lopez,* 130 F.3d 691, 694 (5th Cir.1997),

and, therefore, Osorio has not demonstrated plain error.

Osorio also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) constitute an unconstitutional sentencing provision. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Osorio concedes, this issue is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.